IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Board of Trustees, National Stabilization Agreement of the Sheet Metal Industry Trust Fund, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Gillis Sheet Metal, Inc., *et al.*, <br><br> Defendants. | Civil Action No. 1:10cv33 (TSE/TRJ) |

**REPORT AND RECOMMENDATION**

This case is before the court on plaintiffs' motion for default judgment against defendants Gillis Sheet Metal, Inc. ("Gillis") and Holyoke Enterprises LLC ("Holyoke") (docket no. 9). Process for defendants was served by private process server on January 28, 2010 (docket nos. 4, 5). No answer or other response to the complaint has been filed. The Clerk entered default as to both defendants on February 23, 2010 (docket no. 6).

Upon consideration of the well-pled allegations of the complaint, the motion for default judgment, and the exhibits submitted with the motion, the magistrate judge makes findings and recommendations as follows.

**Jurisdiction and Venue**

The court has subject matter jurisdiction under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132 and 1145); 29 U.S.C. §

185(a);[1] and 28 U.S.C. § 1331. Venue is proper in this court under 29 U.S.C. § 1132(e)(2) (ERISA § 502(e)(2)) and 29 U.S.C. § 185(a). The complaint alleges facts on which the court has personal jurisdiction over defendants under Va. Code § 8.01-328.1(A)(4).

## Fact Summary

Plaintiffs (collectively, the "Funds") are: National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI") (established under 29 U.S.C. § 186(c)(5)), Sheet Metal Workers' National Pension Fund ("NPF") (established under 29 U.S.C. § 186(c)(5)), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI") (established under 29 U.S.C. § 186(c)(5)), Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF") (established under 29 U.S.C. § 186(c)(5)), National Energy Management Institute Committee ("NEMIC") (established under 29 U.S.C. § 186(c)(9)), and Sheet Metal Occupational Health Institute Trust ("SMOHIT") (established under 29 U.S.C. § 186(c)(5)). Plaintiffs are all employee benefits plans or trust funds that are administered in offices located in Alexandria, Virginia. Pls.' Comp. ¶¶ 4-9. SASMI, NPF, and SMWIASF are referred to as the "ERISA Funds."

Defendant Gillis is a Massachusetts corporation and also an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6), and (7), 1002(5), (11), and (12). Gillis transacts business in the Commonwealth of Massachusetts with an office in the same. Pls.' Compl. ¶ 15. Defendant Holyoke is a Massachusetts limited liability company and also an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6), and (7), 1002(5), (11), and (12). Holyoke transacts business in the Commonwealth of

---

[1] 29 U.S.C. § 185(a) creates federal jurisdiction to redress a breach of collective bargaining contracts without regard to the amount in controversy or the citizenship of the parties.

Massachusetts with an office in the same. Pls.' Compl. ¶ 16. Both defendants are owned by Walter E. Holyoke, Jr. Pls.' Mem. in Supp. of Mot. for Def. Judgm., p. 7. Both defendants are managed and operated by members of the Holyoke family, including Walter E. Holyoke, Jr., Anastasia Holyoke, and Stacy Holyoke. Pls.' Mem. in Supp. of Mot. for Def. Judgm., p. 7. Both defendants operate out of the same location, engage in the same business, serve the same types of customers, and use the same equipment. Pls.' Mem. in Supp. of Mot. for Def. Judgm., p. 7. On or about November 15, 2009, Holyoke submitted checks to the Funds bearing the name "Holyoke Enterprises LLC DBA GILLIS SHEET METAL." Pls.' Mem. in Supp. of Mot. for Def. Judgm., p. 7, Ex. 16.

Gillis is bound by a collective bargaining agreement (the "Labor Contract") with a Local Union of the Sheet Metal Workers' International Association, which requires it to submit monthly remittance reports and attendant fringe benefit contributions to the Funds. Pls.' Compl. ¶¶ 17-24. Pursuant to the Labor Contract, Gillis agreed to pay the Funds certain sums of money for each hour worked by employees of Gillis covered by the Labor Contract. Pls. Compl. ¶¶ 17-24.

Gillis has failed to pay timely these contributions due and owing to the Funds on behalf of its employees for work covered by the Labor Contract performed at Gillis's request for the months of October 2008 through November 2009. Pls.' Compl. ¶ 32. Gillis has also failed to pay liquidated damages and interest for its failure to make timely payments to the Funds for the same months. Pls.' Compl. ¶ 32. Payments due to the Funds are calculated separately for each plaintiff on remittance reports required to be prepared monthly by each contributing employer. Pls.' Compl. ¶ 21.

## Joint and Several Liability

Plaintiffs seek to establish that Holyoke is jointly liable for Gillis's obligations under the Labor Contract and ERISA on the ground that Holyoke is an *alter ego* of Gillis. The Fourth Circuit has held that where an employer transfers business operations to another employer, the same entity controls both the old and the new employer, and the transfer provides a continuing benefit to the old employer by eliminating a statutory duty, the transfer is a "disguised continuance of the old employer." *Alkire v. NLRB*, 716 F.2d 1014, 1020 (4th Cir. 1993). Whether a transfer of business is a "disguised continuance" such that *alter ego* doctrine applies is a factual determination. *Id.* at 1018 (citing *Southport Petroleum Co. v. NLRB*, 315 U.S. 100, 106, 62 S.Ct. 452, 86 L.Ed. 718 (1942)).

Plaintiffs have established that both Gillis and Holyoke are owned by Walter E. Holyoke, Jr., and that they are managed and operated by the same members of the Holyoke family. Plaintiffs have further established that both Gillis and Holyoke operate out of the same location, engage in the same business, serve the same types of customers, and use the same equipment. Finally, plaintiffs have established that Holyoke made payments to the Funds with checks bearing a name substantially identical to that of Gillis. Accordingly, the magistrate judge finds that the same entity controls both Gillis and Holyoke.

Second, plaintiffs have established that the owners and operators of Gillis would avoid contractual and statutory obligations to plaintiffs by the transfer of operations to Holyoke if there is no continuing liability. Accordingly, the magistrate judge finds that the transfer of operations from Gillis to Holyoke provides a continuing benefit to Gillis in the form of avoidance of duties under the Labor Contract and ERISA. The magistrate judge therefore finds that the transfer is a "disguised continuance" such that Holyoke is an *alter ego* of Gillis, and that defendants should

be held jointly and severally liable.

## Count I: Recovery Under ERISA by the ERISA Funds

The ERISA Funds have established that, as of March 12, 2010, Gillis has failed to make payments which 29 U.S.C. § 1145 entitles the ERISA Funds to collect in the following amounts:

| Fund | Contributions | Liquidated Damages | Interest |
| --- | --- | --- | --- |
| SASMI | **$8,444.55** | **$1,688.86** | **$432.10** |
| NPF | $35,312.77 | $7,062.52 | $1,768.29 |
| SMWIASF | $55.34 | $11.00 | $2.82 |
| **TOTAL** | **$43,812.66** | **$8,762.38** | **$2,203.21** |

While the ERISA Funds are entitled to relief under both the Labor Contract and ERISA, they do not seek a double recovery to which they are not entitled. Plaintiffs' proposed judgment order adequately and appropriately distinguishes among the amounts and theories of recovery, and sets out how a judgment in the aggregate amount recovered will be apportioned upon collection.

## Count II: Recovery Under the Labor Contract

Plaintiffs collectively have established that Gillis has failed to make payments due under the Labor Contract and 29 U.S.C. § 185 to the Funds in the aggregate amount of $55,927.33. Pls.' Mem. in Supp. of Mot. for Def. Judgm., p. 4. Consequently, pursuant to 29 U.S.C. § 185 and the Labor Contract, plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) liquidated damages;[2] (3) interest on contributions that were paid late or remain

---

[2] Pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C).

unpaid;[3] and (4) reasonable attorneys' fees and the costs of this action.

Plaintiff's computation of the amount of unpaid contributions is based on their reasonable estimates of contributions due for unreported periods based on other data that is available. This method has long been approved by this court in default situations in similar cases, and the magistrate judge finds it appropriate here.

Plaintiffs' liquidated damages are assessed as follows. Pursuant to the Labor Contract, if an employer fails to make contributions when they become due, plaintiffs may collect liquidated damages. For SASMI, liquidated damages are in an amount equal to 20% of the unpaid contributions. Pls.' Compl. ¶ 24. For the rest of the Funds, liquidated damages are in an amount equal to the greater of interest on all delinquent contributions or 20% of the unpaid contributions. Pls.' Compl. ¶ 23. The liquidated damages owed to the Funds for failure to timely submit contributions is $8,928.25. Pls.' Mem. in Supp. of Mot. for Def. Judgm., pp. 29-30.

The Labor Contract also provides that interest on any delinquent contributions is calculated at a rate of 8.5% per annum. Interest accrues until payment is made. Calculated through March 12, 2010, the interest recovery is $2,245.64. Pls.' Mem. in Supp. of Mot. for Def. Judgm., pp. 29-30.

---

[3] Interest is assessed at the rate of 8.5% per annum from the date due through the date of *payment*. In this case, the parties have agreed to the rate in their contract rather than the statutory rate established under 28 U.S.C. § 1961. ERISA does not limit the ability of parties to a contract to increase obligations beyond the statutory floor. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. DCI Signs & Awnings, Inc.*, 2008 WL 640252, at *3 (E.D. Va. No. 1:08cv15, March 2008).

The following amounts are therefore due and owing under the Labor Contract:[4]

| Fund | Contributions | Liquidated Damages | Interest |
|---|---|---|---|
| SASMI | $8,444.55 | $1,688.86 | $432.10 |
| NPF | $35,312.77 | $7,062.52 | $1,768.29 |
| ITI | $664.08 | $132.72 | $33.93 |
| SMWIASF | $55.34 | $11.00 | $2.82 |
| NEMIC | $166.02 | $33.15 | $8.50 |
| SMOHIT | $110.68 | $--.-- | $--.-- |
| **TOTAL** | **$44,753.44** | **$8,928.25** | **$2,245.64** |

## Injunctive Relief

In Count III of their complaint, plaintiffs request injunctive relief enjoining defendants from violating their duties to submit complete and accurate remittance reports along with timely payment. The magistrate judge finds such relief to be appropriate.

## Attorneys' Fees and Costs

Legal fees and costs total $6,765.58. Pls.' Mem. in Supp. of Mot. for Def. Judgm., ex. 12. Plaintiffs submitted a declaration from Dawn M. Costa detailing the attorneys' fees and costs incurred in this action. Pls.' Mem. in Supp. of Mot. for Def. Judgm., ex. 12. It supports the following recoveries:

| Attorneys' Fees | |
|---|---|
| **Service** | **Rate** |
| Counsel #1 | $180.00 |
| Counsel #2 | $180.00 |

---

[4] Note that SMOHIT does not ask for liquidated damages or interest. *See* Pls.' Mem. in Supp. of Mot. for Def. Judgm., p. 29.

| Counsel #3 | $180.00 |
|---|---|
| Paralegal #1 | $70.00 |
| Paralegal #2 | $70.00 |

Attorneys' fees, which total $6,146.00 are based on 35.0 hours of labor. Counsels' work on this case included, among other things, such activities as preparing the complaint, reviewing documentation and dockets, preparing the request to enter default and the declarations in support thereof, participating in relevant phone conferences, and drafting motions.

The documentation also supports recovery of the following costs:

| Costs | |
|---|---|
| Service Fee | $239.90 |
| Postage Charges | $9.80 |
| Filing Fee | $350.00 |
| Photocopies | $19.88 |
| TOTAL | $619.58 |

The magistrate judge has reviewed the declaration of Ms. Costa and finds that the amounts submitted are reasonable compensation and costs for work necessarily expended to enforce plaintiffs' rights. He further finds that plaintiffs have established that the Labor Contract and equity entitle them to this relief.

**Summary**

The magistrate judge finds that the submitted pleadings and affidavits establish that plaintiffs are entitled to a default judgment and damages in accordance with the following:

| Total Amount Due | |
|---|---|
| **Delinquent Contributions** | $44,753.44 |
| **Liquidated Damages** | $8,928.25 |

| | |
|---|---:|
| **Accrued Interest** | $2,245.64 |
| **Attorneys' Fees** | $6,146.00 |
| **Costs** | $619.58 |
| **TOTAL** | $62,692.91 |

## Recommendation

The magistrate judge recommends that the court enter judgment against defendants, jointly and severally, and in favor of plaintiffs in the aggregate amount of $62,692.91, and that defendants be enjoined from violating their duties to submit complete and accurate remittance reports along with timely payment.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendants at their addresses for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

September 21, 2010
Alexandria, Virginia